STEPHEN B. STURGES, Respondent, *v.* JOHN F. HART, ASA W. PARKER and SOPHIE G. PARKER, Appellants, Impleaded with Others.

*Mortgage foreclosure—assignment of a mortgage to the owner of the fee—assignor estopped from questioning its validity.*

Upon the trial of an action brought to foreclose a first mortgage which had been assigned by one Doody to the plaintiff's assignor, it was shown that one Hart, holding the legal title to certain premises for the defendant Doody, executed on the same day two mortgages thereon to the defendant Parker. He subsequently reconveyed the premises to Doody; Doody thereafter paid the first mortgage to Parker and took an assignment of it to himself. When Doody made the last payment upon the first mortgage and took the assignment thereof, Parker knew that he desired to continue the same in existence for the purpose of using it to procure a future loan.

In an action brought to foreclose the first mortgage, which had been assigned by Doody to the plaintiff's assignor, which was defended by Parker, who held the second mortgage,

*Held,* that the mortgage was not extinguished by the payment of the amount due thereon and the taking of the assignment thereof by Doody, the owner of the fee;

That Parker's written assignment of the first mortgage to Doody, coupled with his knowledge of the purpose for which Doody wished the same, constituted his assent to the continuance of such mortgage in existence;

That if Parker had intended to insist upon the extinguishment of the first mortgage, he should have done so at the time he gave the assignment thereof;

That as Parker by his assignment of the mortgage to Doody conferred upon him the title to the mortgage and the power to dispose of the same, he was estopped from asserting any defense to the mortgage.

APPEAL by the defendants, John F. Hart, Asa W. Parker and Sophie G. Parker, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 10th day of August, 1894, upon the decision of the court, rendered after the trial at the Kings County Special Term, directing the foreclosure and sale of certain mortgaged premises.

Also an appeal by the defendants Asa W. Parker and Sophie G. Parker from an order of the Supreme Court, made at the Kings County Special Term and entered in said clerk's office on the 13th day of December, 1894, denying their motion to reopen the case for the purpose of admitting additional testimony.

*A. W. Parker, C. W. Wright* and *F. A. Ward,* for the appellants.

*Sturges & Roby,* for the respondent.

DYKMAN, J.:

This is an action to foreclose a mortgage for $8,000 executed by the defendant Hart to the defendant Asa W. Parker, bearing date May 8, 1891, and assigned by Parker to the defendant Daniel Doody August 27, 1891, and by Doody assigned to the plaintiff September 3, 1891.

On the same day Hart made another mortgage upon the same premises to Parker for $20,000, which was recorded five minutes later than the first mortgage for $8,000.

Both of the assignments of the first mortgage were recorded on or before September 5, 1891.

It is to be gathered from the case that at the time of the execution of these mortgages Hart held the legal title to the premises for Doody, who was the real owner, and made the mortgages at his request and for his benefit; and, further, that he subsequently reconveyed the premises to Doody.

Doody paid the mortgage in suit to Parker and took an assignment of it to himself, instead of a satisfaction piece, which he at one time contemplated taking.

Daniel Doody and wife subsequently conveyed portions of the same premises to the defendant Sophie G. Parker, and then she, with her husband, reconveyed the premises to Doody and took back two mortgages upon the same from him, one for $30,000 and the other for $12,600.

Asa W. Parker, Sophie G. Parker and Hart, the mortgagor, all served separate answers to the complaint. All the answers set up payment of the mortgage in suit by Doody to Parker, the mortgagee.

The cause was tried before a judge without a jury, and he rendered a judgment in favor of the plaintiff, from which Hart and Asa and Sophie Parker have appealed.

It is true that Doody paid the amount of the mortgage in suit to Asa W. Parker, but it by no means follows that the mortgage was extinguished by such payment. It must be remembered that Doody was not the mortgagor, and although his intention when he made the first two payments upon the mortgage was to have the same can-

celed, yet when he made the last payment he desired to continue the same in existence, for the purpose of using the same for a further loan. That intention was communicated to Parker, and with that knowledge he assigned the mortgage to Doody. Parker, therefore, had notice of the intention of Doody to continue the existence of the mortgage, and his written assignment with that knowledge constitutes his solemn assent to such continuance.

Parker then held the second mortgage of $20,000, and if he intended to insist upon the extinguishment of the first mortgage, that was his time to make such insistance.

By failing to do so, and making a written assignment of the mortgage, he furnished Doody with the means of procuring a loan thereon from the plaintiff, who thus became a *bona fide* holder of the same.

The inequity of allowing the defense to prevail in this action against the plaintiff is so palpable that there seems to be no necessity either for further pursuit of the subject or for the citation of authorities.

As the mortgagee Parker, by his assignment of the mortgage to Doody, conferred upon him the title to the mortgage and the power to dispose of the same, he should be now estopped from asserting any other claim or defense against the mortgage. (*McNeil* v. *Tenth National Bank*, 46 N. Y. 325.)

The judgment should, therefore, be affirmed, with costs.

After the trial of the action a motion was made to open the case and introduce newly-discovered evidence. The motion was denied, and the defendants Asa and Sophie Parker have appealed from the order of denial.

According to the principle upon which we base our decision, it is obvious that the new proof desired to be introduced could not change the result, and, therefore, the motion was properly denied.

The order should be affirmed, with ten dollars costs and disbursements.

BROWN, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs. Order affirmed, with ten dollars costs and disbursements.